## Chicago Terminal Transfer Railroad Company v. Pasquale Schiavone, Admr., etc.

### Gen. No. 11,511.

1. NEGLIGENCE—*when defendant estopped from claiming absence of proof of.* Where the defendant has submitted the question of negligence to the jury, as one of fact, it is estopped from claiming that there is no proof of negligence.

2. MOTION TO EXCLUDE—*when, essential to review competency of evidence.* Where a plat is received in evidence with the understanding that auxiliary proof to the effect that it showed the conditions existing at the time of the accident will be made, and no such proof is made, a motion to exclude is essential, subsequently, to question the competency of such plat.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904.

**Statement by the Court.** Appellee, as administrator of the estate of Francesco Surianelli, deceased, sued appellant in case, claiming that the death of his intestate was caused by appellant's negligence. The declaration consists of four counts. It is not claimed by appellee's counsel that there is any evidence to sustain any of the first three counts. In the fourth count it is alleged, in substance, that the defendant (appellant here) was in possession of and controlling a railroad in Cook county running from Blue Island Junction, in a northwesterly direction, to Wireton Park and crossing a certain highway known as Burr Oak avenue; that defendant had carelessly and negligently constructed and maintained a cattle-guard fence, at, to wit, the intersection of its track with the northerly side of said avenue, in dangerous proximity to its tracks, by reason whereof Francesco Surianelli, a laborer in defendant's employ, while lawfully on a passing train, and in the exercise of due care for his safety, was suddenly and without notice, brought into violent contact with said cattle-guard fence, and was thrown with great force and violence from said

train to the ground, and was killed. The declaration avers survivorship of a widow and children, naming them. The defendant pleaded not guilty. The jury found the defendant guilty and assessed the plaintiff's damages at the sum of $2,000. A motion of defendant for a new trial was overruled and judgment was rendered on the verdict.

JESSE B. BARTON, for appellant.

HENRY R. RATHBONE, for appellee; M. PAUL NOYES, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

At the close of all the evidence appellant's counsel moved the court to instruct the jury to find the defendant not guilty, and presented to the court a written instruction to that effect, which the court refused to give, after which appellant's counsel requested the court to give and the court gave to the jury instructions on the merits, and submitting to the jury the questions whether appellee's intestate exercised ordinary care, and whether appellant was guilty of negligence which caused the death of appellee's intestate. The contentions of appellant's counsel here are, that the court erred in refusing to instruct the jury to find the defendant not guilty; and in refusing an instruction in substance, that the evidence did not tend to prove that the defendant negligently constructed or maintained the cattle-guard with which the deceased came in contact; and that the court erred in admitting a certain plat in evidence; and argues that appellee's intestate did not exercise ordinary care, and that there is no evidence tending to prove that appellant was negligent as charged.

In Consolidated Coal Co. v. Haenni, 146 Ill. 615, it was contended by counsel for the appellant that there was no evidence of negligence of appellant; but the court said : "The question of negligence was submitted to the jury by the first instruction given for the defendant, as above quoted, and therefore the defendant is estopped from now claiming that there was no proof of negligence." Ib. 626.

In Chicago Terminal R. R. Co. v. Schmelling, 197 Ill. 619, the plaintiff in error moved the court to take the case from the jury, and presented an instruction to that effect, which the court refused to give. It appears from the opinion that the defendant in error was injured while alighting from a moving train. The counsel for the company contended that the defendant in error was guilty of negligence, as matter of law, in alighting from the car while it was in motion. But the court, after quoting an instruction given by the trial court, at appellant's request, said: " Inasmuch as the plaintiff in error asked and the court gave an instruction which left it to the jury to take into consideration the fact, if it was a fact, that the defendant in error alighted from the train while it was in motion, in determining whether he was in the exercise of due care and caution for his own safety, it cannot be urged now and here by the plaintiff in error that such fact was negligence *per se*, or negligence as matter of law." Ib. 625–6. See, also, to the same effect, I. C. R. R. Co. v. Keegan, 112 Ill. App. 28, and Omaha Packing Co. v. Murray, ib. 233. In view of the cases cited, we must hold that appellant, having requested the court to submit to the jury by instructions the questions whether appellee's intestate exercised ordinary care, and whether the appellant was guilty of negligence which caused the injury, cannot now be heard to contend that there was no evidence warranting the submission of these questions to the jury. Notwithstanding this conclusion, we have, out of abundant caution, carefully considered the evidence and the arguments of counsel, and it is the opinion of the court, by a majority, that the evidence tends to support the declaration. In view of this conclusion, the instruction to the effect that the evidence did not tend to prove that the cattle-guard was negligently constructed or maintained, was properly refused.

A plat was offered in evidence by appellee purporting to show appellant's railway tracks, Burr Oak avenue and the cattle-guard in question, etc., which a Mr. Bremer, a civil engineer, testified that he made, and that it was correct.

The accident which resulted in the death of appellee's intestate occurred September 30, 1901, and the plat was made January 17, 1902. Appellant's counsel objected to the plat as evidence, on the ground that it showed the conditions after the accident occurred, when appellee's counsel said he was informed and was confident that he would be able to show that the conditions, when the plat was made, were the same as at the time of the accident, and the court said, " You had better not offer it until you have made that showing," when appellant's counsel said, " If it is correct, I am perfectly willing to waive that point." The plat was then admitted in evidence, subject to proof, later on in the trial, that there had been no change in the conditions. The objection to the admission in evidence of the plat, without first showing that there had been no change in conditions, was waived by appellant's counsel. And if it were true, as contended by him, that there was no evidence that the conditions were the same when the plat was made as at the time of the accident, he could not avail of that objection here, because he omitted to call the court's attention to the omission by motion to exclude or otherwise. But it appears from the record, but not from the abstract, that two witnesses, Gentile and Sipari, testified, the former that the plat is a correct representation of the place of the accident at the time of the accident, and the latter, that it is a correct representation of the place.

The judgment will be affirmed.

*Affirmed.*